NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN LUENGAS-NAVARRETE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73068

Agency No. A087-746-083

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2022**
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and SEEBORG,*** District
Judge.

Petitioner Juan Luengas Navarrete, a native and citizen of Mexico, petitions

for review of a decision by the Board of Immigration Appeals ("BIA"),

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

which denied his withholding of removal and Convention Against Torture ("CAT") claims. We have jurisdiction under 8 U.S.C. § 1252. "We review the [BIA's] legal conclusions de novo and its factual findings for substantial evidence[.]" *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny the petition for review.

**1.** Luengas Navarrete does not argue that the BIA disregarded certain evidence or committed legal error; instead, he essentially asks us to reweigh the evidence. Substantial evidence, however, supports the denial of relief under CAT.

"To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). As defined for the purposes of CAT, torture is the intentional infliction of severe pain or suffering that is "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). When evaluating a CAT claim, "the [immigration judge] must consider all relevant evidence; no one factor is determinative." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

The record provides little evidence in support of Luengas Navarrete's claim

for relief. At his merits hearing, Luengas Navarrete testified that neither he nor any of his immediate family members have been harmed in Mexico. He testified that a distant relative was killed, but provided no details about the relative or the killing. Although he testified he thought the police in Mexico might harm him, he did not provide any basis for this belief, and he testified he did not believe any other members of the government would target him. Luengas Navarrete points to a country conditions report which states that torture by or with the acquiescence of government officials occurs with some frequency in Mexico. He provides no evidence, however, that he faces a particular threat of torture in Mexico, and thus the report alone cannot support his claim. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet th[e] [CAT] standard."). In short, the evidence does not "compel[] the conclusion" that the BIA's decision was erroneous, and the petition is denied as to Luengas Navarrete's CAT claim. *Plancarte Sauceda*, 23 F.4th at 831.

**2.** Luengas Navarrete only briefly discusses his withholding of removal claim, and concedes that our precedent forecloses this claim as his stated particular social group is not cognizable. The petition for review is therefore also denied as to the application for withholding of removal.

**PETITION FOR REVIEW DENIED.**